FILED
CLERK, U.S. DISTRICT COURT

MAY 1 4 2018

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ALLEN MARQUES ELLIS,

Defendant.

Case No. CR 18-233-DSF

ORDER OF DETENTION

Defendant's initial appearance and arraignment on the indictment in this case took place on May 3, 2018. Carlos Iriarte, an attorney on the Indigent Defense Panel, was appointed to represent Defendant. At Defendant's request, a detention hearing was continued to May 10, 2018 and subsequently rescheduled to May 14, 2018.

The Court conducted a detention hearing on May 14, 2018. The Court has reviewed the updated Pre Trial Services Report and the Report that was previously issued at Defendant's initial appearance. Pre-trial Services continues to

recommend detention. The government continues to request detention. Defendant requests release on an unjustified Appearance Bond that several persons, including Defendant's mother, brother, girlfriend, and friend, are willing to post.

The Court conducted a detention hearing:

☒    On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered the report and recommendation of the U.S. Pretrial Services Agency.

## IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒    Pending violation for conditions of supervised release, including failure to report as instructed on April 30, 2018.

☒    Previous violations and revocations of supervised release

☒    Pending warrant for misdemeanor petty theft

As to danger to the community:

☒    Allegations in present charging document and the defendant's alleged role in conspiracy to cash U.S. Treasury Checks and aggravated identity theft charges

☒    History of violations and revocations of supervised release

☒    pending violation for conditions of supervised release while on location monitoring

The Court finds that there are presently no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)]. Although the Court recognizes that it can impose conditions such as home incarceration with electronic monitoring to address concerns regarding flight or non-appearance, such restrictions do not give the Court sufficient assurance in this case regarding the potential for flight and economic danger to others or the community given that Defendant was on supervised release and was on location monitoring while not in compliance with the conditions of supervised release. Moreover, Defendant has a history of prior revocations of supervised release. Although Defendant's mother and other family members are willing to sign unsecured bonds to secure Defendant's release, the Court notes that, according to the Pretrial Services Report,

Defendant's mother was not cooperative with law enforcement during the service of a search and seizure warrant. In addition, Defendant admitted that he knowingly failed to report to his Probation Officer as instructed on April 30, 2018 because he feared he would be arrested on the charges in the indictment.

These factors lead the Court to find that Defendant remains at risk, if released, for non-appearance at future court proceedings. The Court also finds that Defendant's release will pose an economic threat to individuals and the community because of Defendant's criminal history and the pending allegations.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: May 14, 2018

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE